SUPREME COURT. New-York General Term, December, 1857.
*Mitchell, Clerke* and *Davies*, Justices.

## THE PEOPLE *v.* DAVID S. PAGE.

The provision of section sixteen of the "act to suppress intemperance, and regulate the sale of intoxicating liquors," passed April 16, 1857 (*Laws of 1857, ch.* 628), by which the sum of one hundred dollars is prescribed as the penalty of the bond to be taken where a person is arrested and brought before a magistrate, charged with being found actually engaged in violating that act, is not applicable to the case of a person indicted under the twenty-first section of that act, and afterwards arrested under the indictment. In the latter case the amount of bail is not fixed by statute, but is left to the discretion of the magistrate.

The twenty-first section of the act, which declares it a misdemeanor for an inn, tavern or hotel keeper or person licensed to sell liquors, to sell or give away any intoxicating liquors or wines on Sunday, is not applicable to persons other than those thus designated; and it is not, therefore, an indictable offence, under the statute, to sell or give away intoxicating liquors or wines on Sunday, when the act is done by a person who is not licensed to sell liquors, or who is not the keeper of an inn, tavern or hotel.

For the selling of such liquors on Sunday, by persons not enumerated in the twenty-first section, the only punishment is the infliction of a money penalty provided for selling without a license by other sections of the act, and there is no distinction in the kind of punishment, whether the sale be made on Sunday or on any other day of the week.

It is no valid objection to an indictment for a violation of the twenty-first section of the act, that the defendant had not been first arrested and taken before a magistrate.

Form of an affidavit for the allowance of a writ of *certiorari* to remove into the Supreme Court for review, a decision made on *habeas corpus* under 2 *Revised Statutes* (*p.* 573, § 69); also, form of such writ and return thereto, including proceedings on *habeas corpus* and *certiorari* to certify cause of detention.

THIS cause came before this court on *certiorari* to review the proceedings had before the recorder of New-York, on *habeas corpus.* The affidavit for the allowance of the writ of *certiorari* was as follows:

The People of the State of New-York
*v.*
David S. Page.

*City and County of New-York, ss:*

*A. Oakey Hall*, district attorney of the city and county of New-York, being duly sworn, deposeth and saith: That, on

The People *v.* Page.

or about the fifth day of September, instant, a writ of *habeas corpus* was issued out of the Supreme Court, allowed by, and returnable before the Honorable James M. Smith, Jr., one of the justices of the Court of General Sessions, for the relief of one David S. Page, for the cause of the detention of the said David S. Page, to which a return was made, and a traverse interposed thereto; that a writ of *certiorari* was also issued, and allowed, and returnable before the said justice. That, on said returns, deponent was heard before said justice, and on the tenth day of September, instant, an order was made by said justice, and under said order the said David S. Page, the party named therein, was discharged from custody, and a final adjudication was thereupon made by said justice; and further saith not.

A. OAKEY HALL.

Sworn before me, this 10th day
    of September, 1857.

C. A. PEABODY.

The writ issued thereon was as follows:

The People of the State of New-York, to the Honorable James M. Smith, Jr., one of the justices of the Court of General Sessions, greeting:

Whereas, we have been informed, by the official affidavit of the district attorney of the city and county of New-York, that writs of *habeas corpus* and *certiorari* were severally heretofore issued by you, under your hand and seal, on behalf of one David S. Page, directed, the said writ of *habeas corpus* to the warden of the city prison in the county of New-York, and the said writ of *certiorari* to the district attorney of the city and county of New-York; and the said writ of *habeas corpus* requiring the said warden to have the body of the said David S. Page before you, the said justice, to be dealt with according to law; and the said writ of *certiorari* requiring the said district attorney to certify to you, the

said justice, the papers containing the cause of his imprisonment.

And whereas, pursuant to the requirements of the said several writs, the body of the said David S. Page, and the papers of his examination, were brought before you; and whereas such returns were made upon the said several writs, that thereupon you proceeded to hear and determine the said several writs; and whereas such proceedings were had upon the said several writs and several returns, that you, the said justice, did order, adjudge and determine, that the said David S. Page should be discharged from the custody or restraint of the said warden of the city prison; and we being willing to be certified of such proceedings as were had before you, do command and strictly enjoin you, that you do certify and return those proceedings, with all things, papers and schedules thereto appertaining, unto our justices of our Supreme Court, at the city hall in the city of New-York, on the second Monday of September, instant, at the general term of said court, under your hand, as fully and amply as the same remain before you, so that our said justices may further cause to be done thereupon what of right and according to law ought to be done, and have you then and there this writ.

Witness, Honorable Charles A. Peabody, one of the justices of our said court, at the city hall in the city of New-York, the tenth day of September, in the year of our Lord, one thousand eight hundred and fifty-seven.

By the court,

RICHARD B. CONNOLLY, *Clerk.*

Allowed September 10, 1857.

C. A. PEABODY.

The following return was made by the recorder:

I, James M. Smith, Jr., one of the justices of the Court of General Sessions of the peace of the county of New-York,

The People *v.* Page.

in obedience to the annexed writ, do return as follows in the annexed schedule.

JAMES M. SMITH, JR.

September 11, 1857.

To the Honorable James M. Smith, recorder of the city of New-York :

The petition of D. P. McBrien shows that David S. Page is now a prisoner restrained of his liberty, in the custody of John A. Gray, Esq., keeper of the city prison, and that he is not committed or detained by virtue of any process issued by any court of the United States, or by any judge thereof; nor is he committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction, or by virtue of any execution issued upon such judgment· or decree; that the cause or pretence of such imprisonment or detention, according to the best of the knowledge and belief of your petitioner, is, that he was committed by Justice Connolly for an alleged violation of an act to suppress intemperance and to regulate the sale of intoxicating liquors, passed April sixteenth, one thousand eight hundred and fifty-seven, by the senate and assembly of the State of New-York, a copy of which commitment· is hereto annexed, marked A.

The said petitioner has also been indicted upon said charge, wherefore your petitioner prays that a writ of *habeas corpus* and *certiorari* issue, directed to John A. Gray, keeper of the city prison, and the district attorney and clerk of the Court of Sessions, commanding him to bring the body of your petitioner before your honor, to do and receive what shall then and there be evidence concerning him.

D. P. McBRIEN.

Dated 4th day of September, 1857.

*City and County of New-York, ss:*

*D. P. McBrien,* being duly sworn, doth depose and say, that the facts set forth in the above petition subscribed by him are true.

D. P. McBrien.

Sworn before me, this 4th day of September, 1857.

Horace Andrews, *Commissioner of Deeds.*

The People of the State of New-York, to John A. Gray, [L. S.] *Greeting:*

We command you that you have the body of David S. Page, by you imprisoned and detained, as it is said, together with the time and cause of such imprisonment and detention, by whatsoever name he shall be called or charged, before Hon. James M. Smith, Recorder of the city of New-York, at his chambers, number twenty Chambers-street, in the said city of New-York, on the fourth day of September, one thousand eight hundred and fifty-seven, at three o'clock, P. M., of that day, to do and receive what shall then and there be considered concerning him, and have you then there this writ.

Witness, James J. Roosevelt, Justice Supreme Court, the fourth day of September, one thousand eight hundred and fifty-seven.

By the court,

R. B. Connolly, *Clerk.*

D. B. Taylor, *Attorney.*

(Indorsed.)

Allowed.

James M. Smith, Jr., *Recorder.*

I return that I hold the within named prisoner by virtue of the annexed commitment.

John A. Gray, *Warden.*

*City and County of New-York, ss:*

By Michael Connolly, Esq., one of the police justices in and for the city of New-York, to the constables and policemen of the said city, and every of them, and to the keeper of the city prison of the said city:

These are, in the name of the People of the State of New-York, to command you, the said constables and police-men, and every of you, to convey to the said prison the body of David S. Page, and deliver him to the keeper thereof; and you, the said keeper, are hereby commanded to receive into your custody, in the said prison, the body of the said David S. Page, who stands indicted by the grand jury of the city and county of New-York for misdemeanor, to wit, selling liquor on Sunday, and that you safely keep the said David S. Page in your custody, in the said prison, until he shall find surety in the sum of two hundred dollars, to answer said complaint, or be thence delivered by due course of law.

Given under my hand and seal this fourth day of Sep-
[L. S.]   tember, one thousand eight hundred and fifty-
seven.

MICHAEL CONNOLLY,
*Police Justice.*

*Certiorari to certify cause of detention:*

The People of the State of New-York, to the district attor-ney of the city of New-York, and the clerk of the Court of General Sessions, *Greeting:*

We command you that you certify fully and at large to Hon. James M. Smith, recorder of the city and county of New-York, at his chambers, Number twenty Chambers-street, on the fourth day of September, one thousand eight hundred and fifty-seven, at four o'clock, P. M., the day and cause of the imprisonment of David S. Page, by you detained, as is said, by whatsoever name the said David S.

Page shall be called or charged ; and have you then there this writ.

Witness, James J. Roosevelt, Justice of the Supreme Court, the fourth day of September, one thousand eight hundred and fifty-seven.

By the court,

RICHARD B. CONNOLLY, *Clerk.*

D. B. TAYLOR, *Attorney.*

(Indorsed.)

Allowed.

JAMES M. SMITH, Jr., *Recorder.*

I return to this writ of *certiorari* that the cause of imprisonment of the said David S. Page is an indictment hereto annexed in my custody, for the trial thereof, by the rules of the Court of General Sessions, wherein it was found and filed.

A. OAKEY HALL,
*District Attorney.*

September 5, 1857.

*City and County of New-York, ss :*

The jurors of the people of the state of New-York, in and for the body of the city and county of New-York, upon their oath, present : That David S. Page, late of the eighth ward of the city of New-York, in the county of New-York, aforesaid, on Sunday, the ninth day of August, in the year of our Lord one thousand eight hundred and fifty-seven, did, willfully, unlawfully and maliciously, sell to divers citizens of this state, and to divers persons to the jurors unknown, and did cause to be sold to divers citizens of this state, and to divers persons to the jurors unknown, at the ward, city and county aforesaid, on the Sunday aforesaid, intoxicating liquors, to wit, one pint of wine, one pint of brandy, one pint of gin, one pint of rum, one pint of whiskey, one pint

The People *v.* Page.

of lager bier, and one pint of cordial, as a beverage, in contempt of the people of the State of New-York, against the form of the statute in such case made and provided, and against the peace of the people of the State of New-York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do further present: That afterwards, to wit, on Sunday, the ninth day of August, in the year of our Lord one thousand eight hundred and fifty-seven, the said David S. Page, did, willfully and unlawfully give away to divers citizens of this state, and to divers persons to the jurors unknown, at the ward, city and county aforesaid, on the said Sunday, intoxicating liquors, to wit, one pint of wine, one pint of brandy, one pint of gin, one pint of rum, one pint of whiskey, one pint of lager bier and one pint of cordial, as a beverage, against the form of the statute in such case made and provided, and against the peace of the people of the State of New-York, and their dignity.

A. OAKEY HALL,
*District Attorney.*

BEFORE THE RECORDER AT CHAMBERS.

| The People, &c. *v.* David S. Page. | *Traverse to the return to the habeas corpus and certiorari.* |
|---|---|

The defendant, by his attorney, traverses and denies the return, and the sufficiency in law thereof; and further denies that the indictment is sufficient cause for his detention and imprisonment, and denies that the indictment is in the custody of the district attorney by the rules of the Court of General Sessions; and the defendant further alleges, that the indictment is void on its face, in this, that it does not charge or describe against the defendant any offence; and the defendant further alleges, that the indictment has been obtained surreptitiously, and against the provisions of the

Code, entitled, "An act to suppress intemperance and to regulate the sale of intoxicating liquors," passed April sixteenth, one thousand eight hundred fifty-seven; and the defendant further alleges, that no complaint was made against him before any magistrate, and that he was not arrested or brought before any magistrate charged with the violation of any of the sections of the aforesaid act, as required by the sixteenth section thereof; and defendant alleges, that he has had no opportunity to elect to be tried before a magistrate as provided in the sixteenth section of said act; and the defendant further alleges, that in violation of the provisions of said act, he has been illegally arrested, and deprived of his liberty without notice, and without opportunity to give the bail of one hundred dollars, as provided by the sixteenth section of said act, but has been required to give bail in the sum of two hundred dollars, contrary to the provisions of said act.

D. B. TAYLOR,

*Attorney.*

*City and County of New-York, ss.*

D. S. Page, the defendant, being duly sworn, says: that the facts set forth in the foregoing answer are true, to the best of his knowledge, information and belief.

D. S. PAGE.

Sworn before me, September 7th, 1857.

WM. G. MCLAUGHLIN,
*Commissioner of Deeds.*

I order the discharge of the defendant from custody, upon the ground that the commitment is irregular.

JAMES M. SMITH, Jr.,

*Recorder.*

September 10th, 1857.

The People *v.* Page.

On making the decision, the following opinion was delivered by the recorder:

The People
*v.*
David.S. Page.

On the fourth instant, application was made to me for a writ of *habeas corpus* and *certiorari*. By the return to the writ of *habeas corpus*, it appeared that the defendant was in custody, in default of bail, in the sum of two hundred dollars, upon a commitment issued by Justice Connolly, which commitment was predicated upon an indictment for an alleged misdemeanor, the charge being for selling liquor on Sunday. On the return to the *certiorari*, it appeared that the indictment was filed on the eleventh of August. The indictment was returned as the cause of the commitment. It does not allege that the defendant was licensed to sell as an inn, tavern or hotel-keeper.

The traverse of the defendant to the return on the writ of *certiorari*, is as follows: "The defendant, by his attorney, traverses and denies the return, and the sufficiency in law thereof, and further denies that the indictment is sufficient cause for his detention and imprisonment, and denies that the indictment is in the custody of the district attorney by the rules of the Court of General Sessions. And the defendant further alleges that the indictment is void on its face, in this, that it is does not charge or describe against the defendant any offence. And the defendant further alleges, that the indictment has been surreptitiously obtained and against the provisions of the act, entitled 'An act to suppress intemperance, and to regulate the sale of intoxicating liquors,' passed April sixteen, one thousand eight hundred and fifty-seven. And the defendant further alleges, that no complaint was made against him before any magistrate, and that he was not arrested and brought before any magistrate, charged with the violation of any of the sections of the aforesaid act, as

required by the sixteenth section thereof. And the defendant further alleges, that he has had no opportunity to elect to be tried before a magistrate, as provided by the sixteenth section of said act. And the defendant further alleges, that, in violation of the provisions of said act, he has been illegally arrested and deprived of his liberty, without notice, and without opportunity to give the bail of one hundred dollars, as provided by the sixteenth section of said act, but has been required to give bail in the sum of two hundred dollars, contrary to the provisions of said act."

To this traverse the district attorney demurred, on the ground that there are no facts stated therein which would warrant the discharge of the defendant. The legal effect of this demurrer is, to admit the allegations of fact as set forth in said demurrer.

The facts, therefore, upon which I am to pass in this case are as follows: On the 11th day of August, 1857, an indictment was filed in the Court of General Sessions, charging the defendant with a misdemeanor in selling liquor on Sunday, the ninth of August, contrary to the statute; that such indictment was found without a preliminary complaint before a magistrate and the arrest of the defendant as provided in section sixteen of the act; that the defendant was held to bail in the sum of $200; that he was in custody by virtue of a commitment predicated upon the indictment, in default of giving bail in that amount. It was also conceded by the respective counsel that the defendant had not obtained a license to sell liquor as an inn, tavern, or hotel keeper.

The district attorney moved to discharge the writ, on the ground that the indictment was a record imputing verity upon its face, and that it could not be inquired into or impeached collaterally.

It is not necessary, in order to secure to the defendant his rights under the writ of *habeas corpus* or *certiorari*, that this proposition should be controverted. It is made the duty of the officer before whom a party is brought upon the writ to

The People *v.* Page.

examine into the facts contained in the return, and into the cause for the confinement or restraint of the party; and, upon such examination, it is his duty to remand, or to discharge, or bail, in his discretion, if the offence be bailable. He may, in his discretion, discharge the defendant on nominal bail, or he may discharge defendant on his own recognizance. The object of the hearing is, to place the officer in possessiom of the facts, that he may judiciously exercise his discretion. Therefore, although the indictment cannot be discharged by the judge at chambers, still if, upon hearing, he comes to the conclusion that the allegations in the indictment do not constitute an offence in law, it is his duty to exercise his discretion upon the question of bail to its fullest extent.

The questions at issue in this case are important ones. Many indictments which were found, at the last term of the court, under similar circumstances, are still pending in the Court of General Sessions, the legal questions upon which are the same as are involved in this.

The indictment is found under the twenty-first section of the act entitled "An act to suppress intemperance and to regulate the sale of intoxicating liquors," passed April 16, 1857. This section is as follows:

"No inn, tavern or hotel keepers, or persons licensed to sell liquors, shall sell or give away any intoxicating liquors or wines on Sunday, or upon any day upon which a general or special election or town meeting shall be held, and within one quarter of a mile from the place where such general or special election or town meetings shall be held in any of the villages, cities or towns of this state, to any person whatever, as a beverage. In case the election or town meeting shall not be general throughout the state, the provisions of this section, in such case, shall only apply to the city, county, village or towns in which such election or town meeting shall be held. Whoever shall offend against the provisions of this section shall be deemed guilty of a mis-

demeanor, and on conviction shall be imprisoned in a county jail, workhouse or penitentiary not more than twenty days."

It is a principle well settled that all penal statutes must be construed strictly; that nothing can be taken by implication against the party to be affected by them. Under the denomination of penal statutes, within this rule, are included "statutes which give a summary remedy; those made in derogation of the common law; statutes which impose restrictions upon trade or common occupations, or which levy an excise tax on the citizen." At common law it is not an offence to sell liquor, "and in the construction of statutes made in derogation of common right, care should be taken not to extend them beyond the express words of their clear import." It was conceded before me on the argument that the defendant was not the keeper of an inn, tavern or hotel, or licensed to sell liquors. The twenty-first section applies to such persons and such persons only. Courts have not the power to correct defective legislation. Their duty is to administer the law as they find it, and where it is ambiguous to interpret it by certain recognized rules and principles.

In order to make the twenty-first section applicable to the indictment, it would be necessary for the court to add to it the words, "or any other person." As the section now stands, those only who are licensed to sell incur the penalty of misdemeanor for selling on Sunday. This may not have been the intention of the legislature, but it is the letter of the law. In remedial statutes, courts may give a liberal and extended meaning in order to carry the intention of the legislature into effect; but the reverse is the rule in the construction of penal statutes. The act under consideration is highly penal, and it points out specifically certain penalties for different offences committed under it. Section thirteen declares that "whoever shall sell any strong or spirituous liquors or wines in quantities less than five gallons at a time

The People *v.* Page.

without having a license therefor, granted as herein pro-
vided, shall forfeit $50 for each offence."

It cannot be contended that for a violation of that sec-
tion a party can be legally indicted. This section applies
to all who are not licensed who sell in quantities less than
five gallons, and supersedes all other statutes upon that
question.

The fourteenth section prescribes the penalty for selling
without an inn, tavern or hotel keeper's license, and declares
that: " Whoever shall sell any strong or spirituous liquors
or wines, to be drank in his house or shop, or any out-house,
yard or garden appertaining thereto, or shall suffer or permit
any such liquors or wines sold by him or under his direction
or authority, to be drank in his house or shop, or in any out-
house, yard or garden thereto belonging, without having
obtained a license therefor as an inn, tavern or hotel-keeper
shall forfeit $50 for each offence."

Under this section also, there is a specific penalty ; but
the offence is not declared a misdemeanor, and therefore is
not indictable. In the fifteenth section the language is dif-
ferent, and the violation of part of that section is expressly
declared to be a misdemeanor, and the penalty is prescribed.

The sixteenth section points out the manner in which
offences under the act shall be brought to justice. This
section is plain and specific in its directions. It makes it
the duty of every sheriff, under sheriff, deputy sheriff, con-
stable, marshal, policeman or officer of police, to arrest all
persons actually engaged in violation of the provisions of
the act, and forthwith to carry such persons before any
magistrate, to be dealt with according to the provisions of
the act. It points out the duty of the magistrate. It gives
the parties charged the privilege of being tried before the
magistrate, or giving bail to appear at the Sessions or Oyer
and Terminer. It fixes the amount of bail at $100. It
directs the magistrate in all cases to entertain the complaint,
and to transmit the affidavits, &c., taken before him, to the

district attorney, and the district attorney is directed to prosecute the offender.

The twenty-ninth section makes it the duty of courts to instruct grand jurors to inquire into all offences against the provisions of the act, and to present all offenders under it. By the act of 1855, the Special Sessions of the city and county of New-York, have exclusive jurisdiction in all cases of misdemeanors, unless the defendant elects to be tried by the General Sessions. That act is still in force. The fact that the grand jury are directed to present all offenders under the excise law does not conflict in any manner with the act of 1855, above referred to. It means no more nor less than that they are to entertain all complaints legally prosecuted, and present all offenders legally charged. I have, in all cases since the passage of the act of 1855, called the attention of the grand juries to its provisions, and instructed them that they had no right to entertain complaints in cases of misdemeanors, unless preliminary proceedings had been taken before a magistrate. I so instructed them at the time when this indictment was found. I so decided in the case of *The People* v. *Edgar and others;* and had a motion in this case been made before me to quash this indictment when the same was presented, I should have granted it upon the ground that it was illegally found, the defendant having been denied a substantial right guaranteed to him by the statute.

It was suggested on the hearing that the violation of a penal statute was made a misdemeanor; that is so in all cases where the statute does not prescribe the penalty of the offence, but in those cases only. Under the act in question, the penalty is prefixed specifically in all cases; therefore this general provision of the statute does not apply.

The only penalty for selling liquor without a license to be drunk on the premises, &c., either on a Sunday or on a week day, is prescribed in the thirteenth section. That sec-

The People *v.* Page.

tion does not declare the sale to be a misdemeanor, therefore it is not an indictable offence, though the penalty is severe. The twenty-first section expressly declares it to be a misdemeanor to sell in violation of that section. The remedy to punish the party violating section fourteen, is by an action for the penalty brought by the board of commissioners of excise.

Entertaining these views as to the act under consideration, I should consider it my duty to discharge the defendant upon his own recognizance, if the commitment was regular. But this commitment is illegal. By the commitment it appears that the defendant is in custody in default of bail in the sum of $200. The statute fixes the bail at $100.

I therefore order that the defendant be discharged from custody by reason of the irregularity of the commitment. If, upon any collateral hearing, the question as to the validity of the indictment could be entertained, I should not hesitate to discharge the defendant upon the ground that the offence charged was not indictable under the act.

*A. Oakey Hall* (District Attorney), for the people.

*D. B. Taylor*, for the defendant.

*By the Court*, DAVIES, J.—On the 11th of August, 1857, David S. Page was indicted by the grand jury of the city and county of New-York, for a violation of the provisions of section twenty-one of chapter six hundred and twenty-eight of the Laws of one thousand eight hundred and fifty-seven.

This section declares that no inn, tavern or hotel keeper, or person licensed to sell liquors, shall sell or give away any intoxicating liquors or wines on Sunday, and that whoever offends against the provisions of that section shall be guilty of a misdemeanor, and on conviction shall be imprisoned in the county jail, work-house or penitentiary not more than

twenty days.  On this indictment being found, a warrant was issued by one of the police justices directing the arrest and confinement of the defendant in the city prison, in default of his giving bail in the sum of $200.  The defendant applied to the recorder for a writ of *habeas corpus*, for the purpose of inquiring into the cause of his detention ; and, on the return, he was discharged from custody by the recorder.  These proceedings have been removed into this court under 2 *Revised Statutes* (*p.* 573, § 69), which authorizes these proceedings to be removed into this court "to be there examined and corrected."

It was objected that the commitment by the magistrate was irregular, in that he held the defendant to bail in the sum of $200, whereas, by the sixteenth section of this act, the magistrate could only hold to bail in the sum of $100.

It will be seen, we think, by a reference to that section, that its provisions do not apply to a case of indictment found.  They make it the duty of any sheriff, under sheriff, deputy sheriff, constable, marshal, policeman, or other officer of police, to arrest all persons found actually engaged in the violation of the provisions of that act, and forthwith to carry such offender before any magistrate, whose duty it is, on due proof of such offence, to require a bond to be executed by such offender, in the penal sum of $100, conditioned that he will appear and answer the charge at the next Court of Oyer and Terminer, or Sessions, and abide the order and judgment of the court thereon, or, in default of such bond, to commit the offender to the county jail until such judgment of said court, or until he be discharged according to law.  By said section it is also made the duty of any magistrate to entertain any complaint for a violation of that act, and forthwith issue a warrant and cause such offender to be brought before him to comply with the provisions of that section.  We think, therefore, that the action of the magistrate, in the first instance, is to be invoked when the offender is found actually engaged in the commission of the offence ;

The People v. Page.

in such case the magistrate is to take security in the penal sum of $100, or, in default, commit the offender; and in the next place, on complaint made to him, to issue a warrant and cause the offender to be brought before him, and when so brought to proceed in the same manner as if such offender had been actually found engaged in the commission of the offence.

The case now under consideration is different from these, and consequently the provisions of this section are inapplicable to it. The defendant has been indicted by the grand jury, and arrested by a police justice to answer such indictment, and it follows that he has full authority to fix the amount of bail, and in default of giving it, to commit the defendant. We find no provision in the act restricting the amount of bail to be taken from a defendant arrested after indictment, and for the reason stated the limitation prescribed in section sixteen we deem inapplicable to this case. It follows, therefore, that there was no irregularity in the commitment.

If the commitment was irregular, it became the duty of the officer before the matter was heard to hold the defendant to bail, if it should appear that the party has been legally committed for any criminal offence. The recorder, therefore, properly proceeded to inquire whether the indictment charged any criminal offence against the defendant, and being of the opinion that it did not, he discharged the defendant. The inquiry is thereupon presented, whether any offence, upon the facts stated in the indictment, has been committed by the defendant. The indictment charged that the defendant, on Sunday, the ninth of August last, sold to divers persons liquor, contrary to the form of the statute, and on the same day did give liquor to divers persons, also against the form of the statute. The twenty-first section of the act of April 15, 1857, is relied on to sustain this indictment. It provides that no inn, tavern or hotel keeper, or person licensed to sell liquor, shall sell or

give away any intoxicating liquors or wines on Sunday, and that " Whoever shall offend against the provisions of this section shall be guilty of a misdemeanor." The persons prohibited from selling or giving away liquors on Sunday are, inn, tavern or hotel keepers, or persons licensed to sell liquors. They are the persons prohibited; it is not the selling or giving away liquor on Sunday which is declared to be illegal, but the selling or giving it away by an inn, tavern or hotel keeper, or person licensed to sell liquors. It is only this class of persons who are enjoined from doing this; and the word " whoever," used in this section, must have relation to these enumerated persons. Whoever offends against the provisions of that section is guilty of the offence; the persons who can offend against these provisions are, inn, tavern or hotel keepers, or persons licensed to sell liquors. If they offend they are guilty of the misdemeanor, and therefore it is vital, to establish the crime, that the person charged should be one of those prohibited by the section. Such proof being necessary to convict, it follows that it must be averred in the indictment to constitute the offence. The selling or giving away liquor by this defendant on Sunday, he not being, or averred to be, an inn, tavern or hotel keeper, or person licensed to sell liquor, constitutes no offence against this section of the statute, and is not therefore unlawful. Other sections of this statute prohibit the sale of liquors, without a license, under a penalty of $50 (§ 13), and a like penalty is imposed by section fourteen on any person who shall sell liquor to be drank on his premises, or permit liquor sold by him to be drank on his premises, without having obtained a license therefor as an inn, tavern or hotel keeper. Offences against these sections are punishable by the infliction of a money penalty, and have no application or bearing on this case. We are therefore of the opinion that the facts stated in the indictment do not show that the defendant has committed

The People *v.* Page.

any offence against the provisions of this act, and that the defendant was properly discharged.

Another point was taken on the argument, that the defendant could not legally be indicted by the grand jury, without first having been taken before a magistrate. In this we think the counsel for the defendant is mistaken. We have already seen in what case and for what purpose a person offending may be taken before a magistrate. There is no doubt that an offender may be taken before a magistrate in the first instance, who, if satisfied the offence has been committed, is bound to detain the offender in default of bail. But we think the injunctions of section twenty-nine contemplate something in addition, to insure the due execution of this law. By this section it is made the duty of all courts, in which grand juries are summoned, to instruct them to inquire into all offences against the provisions of that act, and to present all offenders under this act. We do not think the legislature meant by this to impose this duty upon the courts and grand jurors, merely for the purpose of instituting an inquiry and informing the court who had violated the law. On the contrary, we think the language used contemplated an inquiry by the grand jury into all offences committed against the provisions of this act, and if on inquiry they shall ascertain such offences have been committed, they are to present all such offenders to the court by indictment. This is the usual, well known and long established manner of presenting offenders to the court by grand jurors. The oath taken by any grand juror embodies this idea. He is well and truly to inquire and true presentment make of all matters given him in charge, to present no man through fear, favor, &c., or to leave any man unpresented through affection or hope of reward, but to present all things truly as the same shall come to his knowledge. The grand jury present all offenders to the county by indictment ; and we think it clear that the legislature intended, if the grand jury should find on inquiry that

offences had been committed against this statute, the offenders were to be presented to the court by indictment. Any other presentment of offenders would be unmeaning and ineffectual, and would serve no other purpose than that of giving notice to the party accused of the charge preferred, and affording him an opportunity of escape. No principle applicable to the construction of statutes with which we are acquainted would authorize us to sanction a construction which would so effectually prevent the punishment of offenders against its provisions.

The writing which contains the accusation of the grand jury is called a presentment. ( 2 *Bouv. L. Dict.*, 372.)

It is made the duty of the grand jury to inquire into all offences against the provisions of this act. If the act had stopped here, and not added what they should do thereafter, there can be no doubt, we think, that they would equally have been bound to present by indictment all offenders against the act. A reference to similar provisions in our statutes will show that such is the uniform construction which has been given to them, and offenders against which have been presented by indictment. By section fifteen of title seven, part one, chapter six of the Revised Statutes, it is made the duty of the presiding judge of any Court of Oyer and Terminer, or Sessions, within this state, specially to charge the grand jury, at each term of the court, to take notice of all offences committed in violation of any of the provisions of that act. So also by section fifty-four ( 1. *R. S.*, 672 ) it is declared to be the duty of such presiding judge of said courts specially to charge any grand jury to inquire into all violations of the laws against lotteries. So also by section sixteen ( 1 *R. S.*, 773 ) it is made the duty of all courts of justice to charge the grand jury specially to inquire into any violations of the provisions of that act, the statute against usury. It is also made the duty of any court, to which a grand jury shall be summoned, to charge such jury specially to inquire into any violation of law by

The People *v.* Page.

public officers, in taking fees to which they are not entitled by law ( *Laws of* 1847, *ch.* 455, § 17.)

For what purpose, but for the grand jury to present offenders by indictment, is it made the duty of the courts to require them to make their inquiries? It has certainly always been understood, that grand juries have been instituted for the sole purpose of detecting crime, and insuring its punishment, and that the mandate of the statute upon the courts and grand juries to institute these investigations, carried with it the obligation, upon the latter, to indict in all cases where it was proved offences had been committed. We think therefore, that it is the duty of the courts to charge the grand juries to inquire into all offences against this act, and if they find any such to have been committed the grand jury is bound to present the offender by indictment, to the end that such punishment may be awarded as the law demands.

The order of the recorder in this case is affirmed.

Order affirmed.